The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Amy L. Pfeiffer and the briefs on appeal. All parties waived oral argument before the Full Commission. The appealing party has not shown good ground to receive further evidence or to amend the holding of the Deputy Commissioner. However, pursuant to its authority under G.S. 97-95, the Full Commission has modified the Deputy Commissioners decision regarding defendants Quate Industrial Service, Inc. and Zenith Insurance Company and enters the following Opinion and Award.
Upon its own motion, the Full Commission hereby DISMISSES WITH PREJUDICE Quate Industrial Service, Inc. and Zenith Insurance Company as party defendants in this matter.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement dated 4 March 1999 as:
 STIPULATIONS
1. All parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. On 26 July 1995, defendant-employer Carolina Millwright Service Corporation (hereinafter, Carolina Millwright) was insured for workers compensation purposes by Safeco Insurance Company.
3. On 26 July 1995, an employment relationship existed between plaintiff and defendant-employer Carolina Millwright.
4. On 26 July 1995, plaintiffs average weekly wage was $645.61. This yields a compensation rate of $430.43.
5. Plaintiff sustained an admittedly compensable injury by accident to his back on 26 July 1995 when he was holding the handle of a door that was jerked open from the other side, causing him to fall.
6. Plaintiffs claim for this 26 July 1995 injury by accident to his back was accepted as compensable by defendants Carolina Millwright and Safeco pursuant to an Industrial Commission Form 21 Agreement approved by the Industrial Commission on 23 July 1996. By Form 26 agreement approved by the Commission on 19 March 1997, plaintiff was compensated for a four percent permanent partial rating to his back. Plaintiff has not received any additional workers compensation benefits for this injury.
7. Plaintiff contends that he has not worked since 8 June 1998.
8. On 8 June 1998 Dr. William Lestini performed on plaintiff a diskectomy and anterior lumbar interbody fusion at L5-S1.
9. Plaintiff alleges that he has been assigned permanent work restrictions and he cannot return to his former employment due to these restrictions.
10. Stipulated by the parties into evidence in this matter was a packet of records totaling 169 pages of Industrial Commission forms and plaintiffs medical records. Introduced and admitted into evidence in this matter were plaintiffs exhibit one, a time-off request by plaintiff dated 14 May 1998; and defendants-Carolina Millwright and Safecos exhibit one, plaintiffs application for life insurance. Also stipulated into the record in this matter by plaintiff and defendants-Carolina Millwright and Safeco was a three-page rehabilitation evaluation dated 14 May 1999. Subsequent to the hearing, defendants-Quate Industrial Service, Inc. (hereinafter, Quate Industrial) and Zenith submitted a Form 22 wage chart.
11. The issues to be determined as a result of this hearing are whether plaintiff sustained a compensable change of condition as a result of his admittedly compensable 26 July 1995 injury by accident; whether plaintiff sustained a new or separate injury by accident on or about 26 March 1997 when employed by defendant-Quate Industrial; and if the answer to the either of these questions is in the affirmative, to what workers compensation benefits, if any, is plaintiff entitled from 8 June 1998 and continuing, and which defendant is liable therefor.
***********
Based upon the evidence of record in this matter, the Full Commission enters the following:
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commission on 4 March 1999, plaintiff was fifty-three years old. Plaintiff has a high school diploma and has had some training in criminal justice and in management. Plaintiffs prior work history consists primarily of construction work. On 4 March 1999, plaintiff was not employed in any capacity.
2. In 1964 plaintiff had surgery on his low back at L5-S1 for a disc herniation. After his surgery in 1964, plaintiffs back had completely recovered to the extent that he did not have ongoing problems with his back and he was able to work full duty.
3. Plaintiff was hired in October 1994 by defendant-employer Carolina Millwright. While employed by Carolina Millwright as a pipe fitter and as a foreman, and in the course and scope of his employment, plaintiff sustained an admittedly compensable injury by accident to his back on 26 July 1995 when he aggravated his preexisting back problem. This claim was later resolved pursuant to Industrial Commission form agreements.
4. After his admittedly compensable injury by accident on 26 July 1995, plaintiff was treated by Dr. Michael D. Gwinn for lumbar strain and preexisting lumbar degenerative disc disease. While treating plaintiff, Dr. Gwinn assigned work restrictions. On 12 February 1996, Dr. Gwinn indicated that plaintiff could return to work at full duty; however, Dr. Gwinn recommended that plaintiff have assistance when lifting greater than fifty pounds. Plaintiff treated with Dr. Gwinn through 23 August 1996, more than one year following his admittedly compensable injury by accident, and throughout this entire course of treatment, plaintiff continued to complain of low back pain that occasionally worsened. While he did have some improvement, plaintiffs low back pain never completely resolved after his admittedly compensable injury by accident of 26 July 1995 and in fact it continued to deteriorate.
5. Due to a dispute regarding a paycheck, plaintiff left the employ of defendant-employer Carolina Millwright and went to work as a pipe fitter for defendant-employer Quate Industrial in March 1996. After this change, plaintiff noted improvement in his condition, but continued to experience fairly constant pain with occasional instances of sharp pain in his low back in the same location as his prior injury.
6. On 26 March 1997 plaintiff was performing pipe-fitting and duct work for defendant-employer Quate Industrial. The ducts were bulky and it required four people to lift them into place. Plaintiff lifted a duct into place, then twisted. A short while later, while walking, plaintiff felt sudden, sharp pain in his low back. Defendant-employer Quate Industrial sent plaintiff to the Concentra Medical Center in Research Triangle Park, where he was seen by Dr. Christian J. Lambertson. Plaintiff reported this incident to the physician, but he did not consider this an "injury and he informed the physician that he had an "old back injury for which he had been treated by Dr. Gwinn. Plaintiff was taken out of work.
7. The next day, on 27 March 1997, plaintiff was seen by Dr. Gwinn, who opined that plaintiff had experienced an acute exacerbation of lumbar degenerative disc disease. Dr. Gwinn prescribed medication and instructed plaintiff to follow-up with Dr. Lambertson. Plaintiff treated on a regular basis with Dr. Lambertson through 5 May 1997, at which time Dr. Lambertson released plaintiff at maximum medical improvement and to return to work without limitations, and while plaintiffs condition had improved, he did report that he had occasional "bad day[s].
8. Because he continued to experience low back pain with occasional episodes of severe, debilitating pain, plaintiff began treating with Dr. William F. Lestini on 12 March 1998. Plaintiff had seen Dr. Lestini for a second opinion in December 1995 at the referral of Dr. Gwinn, at which time Dr. Lestini recommended additional conservative treatment. In 1998 Dr. Lestini ordered diagnostic testing which revealed degenerative disc disease and an annular tear at L2-3, and a gross internal derangement and degenerative disc disease at L5-S1. Dr. Lestini was of the opinion that plaintiffs main symptomatology stemmed from the disc at L5-S1.
9. Plaintiff elected to undergo an anterior lumbar interbody fusion with metallic cage fixation at L5-S1. On 14 May 1998 plaintiff requested time off from work with defendant-employer Quate Industrial beginning 3 June 1998 so that he could undergo the surgery. Dr. Lestini performed the fusion surgery on 8 June 1998.
10. Plaintiff has not returned to work subsequent to his fusion surgery at L5-S1. On plaintiffs request for leave from work, defendant-employer Quate Industrial informed plaintiff that he could not return to work for defendant-employer Quate Industrial until he was "fully recovered and released for work without limitations. Plaintiff, therefore, received twenty-six weeks of unemployment benefits in the amount of $339.00 per week.
11. After the fusion surgery plaintiff has continued to experience discomfort in his back, but without the crippling pain that he had prior to the surgery. Plaintiff has been released to return to work with restrictions of a gradual return to work; no lifting greater than thirty-five pounds; and no frequent twisting, bending, stooping, flexion, extension and rotation of the trunk. Plaintiff has been rated with a thirty percent (30%) permanent partial disability rating to his back.
12. A rehabilitation evaluation undergone by plaintiff on 14 May 1999 indicates that plaintiff is incapable of returning to work as a pipe fitter or in other construction work. The rehabilitation consultant is of the opinion that plaintiff would need significant retraining in order to return him to suitable employment at his pre-injury wages.
13. While plaintiff had several exacerbations of his pain subsequent to his admittedly compensable injury by accident of 26 July 1995, it was this injury that constitutes the underlying cause of plaintiffs subsequent problems and resulting surgical procedure. Plaintiff sustained a change of condition for which he underwent fusion surgery and thereafter was unable to continue working at full duty for his pre-injury wages, and when his permanent partial disability rating to his back was increased to thirty percent (30%) from a prior rating of four percent (4%).
14. While plaintiff sustained a change of condition and has been rated with a significant permanent partial impairment to his back, the Commission is unable to find and hold at this time that he is permanently totally disabled. This finding is made in part due to the following reasons:
a.) Plaintiff is only fifty-four years old;
b.) Plaintiff has a high school education and other training;
c.) Plaintiffs treating physician has indicated that plaintiff is capable of working within certain limitations. There is insufficient evidence of record to show that plaintiffs treating physician has indicated that plaintiff is incapable of working in any capacity; and
c.) The rehabilitation consultant opined that plaintiff may benefit from retraining if the physician confirms that plaintiff is capable of at least sedentary work.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer Carolina Millwright to his back on 26 July 1995. G.S. 97-2(6).
2. There is insufficient evidence of record to show that plaintiff sustained an injury by accident to his back as a result of a specific traumatic incident on 26 March 1997 when employed by defendant-employer Quate Industrial, or that any incident sustained by plaintiff on that day either caused his need for subsequent fusion surgery or his resulting disability. Id.
3. Due to the increase in the permanent partial disability rating to his back, plaintiff has sustained a change of condition. G.S.97-47.
4. As a result of his change of condition, plaintiff is entitled to have defendants Carolina Millwright and Safeco provide him with all medical treatment that was or is reasonably necessary to effect a cure, give relief, or lessen the period of his disability, including the fusion surgery performed by Dr. Lestini. G.S. 97-2(19); G.S. 97-25; G.S. 97-25.1.
5. As a result of his change of condition, plaintiff is entitled to be paid by defendants Carolina Millwright and Safeco ongoing total disability benefits in the amount of $430.43 per week from 8 June 1998 through the present and continuing until such time as plaintiff returns to work or until further order of the Industrial Commission. G.S. 97-29.
6. Although plaintiff has been assigned a thirty percent permanent partial impairment to his back, he is not entitled to compensation for this permanent disability so long as he is receiving temporary total disability benefits. G.S. 97-31(23).
7. Defendants Carolina Millwright and Safeco are entitled to a credit for unemployment benefits received by plaintiff. G.S. 97-42.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms, with some modifications, the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to the attorneys fee awarded hereinafter and to the credit owed for unemployment benefits received by plaintiff, defendants Carolina Millwright and Safeco shall pay to plaintiff ongoing total disability compensation at the rate of $430.43 per week for the period of 8 June 1998 and through the present and continuing until such time as plaintiff returns to work or until further order of the Commission. Said compensation that has accrued shall be paid in a lump sum. This compensation is subject to the attorneys fee approved herein.
2. Defendants Carolina Millwright and Safeco shall provide plaintiff with all reasonable and necessary medical care and treatment incurred or to be incurred by him as a result of his compensable injury by accident and subsequent compensable change of condition.
3. Plaintiff may benefit from retraining or other education in an effort to return him to suitable, gainful employment. If Dr. Lestini is of the current opinion that plaintiff is capable of working in some capacity, and if as a result vocational rehabilitation is initiated, plaintiff is HEREBY ORDERED to comply therewith. Plaintiff shall also comply with any other rehabilitation, evaluation, or treatment as recommended by Dr. Lestini, including a functional capacity evaluation, if deemed appropriate.
4. A reasonable attorneys fee in the amount of twenty-five percent (25%) of the compensation awarded to plaintiff herein is approved for counsel for plaintiff. Of the lump sum amount paid plaintiff in paragraph one of this Award, defendants Carolina Millwright and Safeco shall forward twenty-five percent directly to counsel for plaintiff. Of the ongoing benefits, defendants Carolina Millwright and Safeco shall forward every fourth compensation check directly to counsel for plaintiff.
5. Defendants Carolina Millwright and Safeco shall bear the costs of this proceeding.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER